UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER V. BOGAERTS, II and
KRISTEN H BOGAERTS,

        Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.
                               /

Case No. 2:24-cv-11541

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT [12]</u>**

Plaintiffs Alexander and Kristen Bogaerts sued Defendant State Farm Fire and Casualty Company to enforce an appraisal award after a fire loss destroyed their home. ECF No. 1. They moved for partial summary judgment and requested the Court affirm the appraisal award, award them the $136,321.21 that remains to be paid under the award, and award incidental damages, consequential damages, and attorney's fees. ECF No. 12, PageID.102.

**BACKGROUND**[1]

Plaintiffs own property located at 329 Linden Road in Birmingham, Michigan, which Defendant State Farm insured under policy number 82-GF-Y356-2. ECF No. 12, PageID.78. In December 2022, a fire destroyed Plaintiff's property. *Id.* Shortly

---

[1] Defendant generally concurred with Plaintiffs' recitation of the facts. ECF No. 14, PageID.371.

1

after the fire, the Bogaerts notified State Farm of their loss. *Id.* Following its investigation into the loss, State Farm conceded coverage for the fire and made payments to Plaintiffs in excess of $650,000.00. *Id.*

In January 2024, Plaintiffs, with the assistance of their public adjuster, submitted their claim for damages in excess of $1,100.000.00. *Id.* The claim included covered line items for backfill/grading, a front paver walkway, and architectural fees. *Id.* On January 18, 2024, Plaintiffs sent State Farm a demand for appraisal of the loss amounts pursuant to the terms of the Policy and Michigan law, as they did not agree with State Farm's valuation of the repair costs necessary to restore their dwelling, other structures, and landscaping to their pre-loss conditions. *Id.*

The appraisal demand named Chuck Sorrell from Xpert Public Adjusters as Plaintiffs' appraiser. *Id.* On January 25, 2024, State Farm sent a letter to Plaintiffs agreeing to appraise losses under the Dwelling; Other Structures; and Trees, Shrubs, and Landscaping provisions, and appointing Peter Strongrich of Strongrich & Associates as its appraiser. *Id.* at PageID.79. Mr. Sorrell and Mr. Strongrich then agreed to appoint Scott Whaley to serve as the neutral umpire on the appraisal panel. *Id.*

The appraisers agreed on the scope and amount of the loss and issued a lump sum award for the replacement cost value and the actual cash value of the appraised damages. ECF No. 1-2, PageID.12. After both appraisers signed the award, State Farm sent a letter to the Bogaerts notifying them that it was refusing to pay the award in its entirety because it determined certain items were either (1) included

under the incorrect coverage line, (2) not covered, or (3) subject to a special limit that had not been applied to the award. ECF No. 12-6, PageID.313–315.

More specifically, State Farm claimed, first, that the award for damages for removal and replacement of backfill/grading is not covered under the Dwelling provision of the Policy, as the foundational materials constitute land—although State Farm agreed to "pay to excavate the dirt/land" and for backfill so that "the new foundation could be installed." *Id.*; ECF No. 14-2, PageID.398. Second, State Farm claimed that Plaintiff must prove why architectural fees are necessary since blueprints for the home already exist. ECF No. 12-6, PageID.313–314. And third, State Farm asserted that the award for damages related to the front paver walkway, flowerpots, and the front and rear hand-stacked stone walls were incorrectly included under the Other Structures provision instead of the Trees, Shrubs and Landscaping provision. *Id.*; ECF No. 14-2, PageID.398.

After State Farm refused to pay the award, Plaintiffs retained counsel, who sent correspondence to State Farm articulating their position. ECF No. 12-7. State Farm reaffirmed its position. ECF No. 12-8. So, Plaintiffs sued to compel payment of the remaining amount owed under the appraisal award—$136,321.21. *See* ECF No. 1.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine

issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The April 3, 2024 appraisal award is valid, and Plaintiffs are entitled to payment. Under Michigan law governing fire insurance policies, when the insurer and insured do not agree on the amount of the loss, either party can demand an appraisal. Mich. Comp. Laws § 500.2833(1)(m). Each party chooses its own appraiser, and those appraisers jointly select an umpire appraiser. *Id.* Written agreement signed by any two of the three appraisers sets the amount of the loss. *Id.*

Here, Plaintiffs and State Farm disagreed as to State Farm's *valuation* under the Dwelling, Other Structures, Debris Removal, Trees, Shrubs, and Landscaping

*coverages. See* ECF No. 1-1, PageID.11. The policy covered losses for the Dwelling, Other Structures, Debris Removal, Trees, Shrubs, and Landscaping. *See* ECF No. 12-2, PageID.136, 139–140. And State Farm admitted coverage both for the event generally and for the Dwelling, Other Structures, Debris Removal, Trees, Shrubs, and Landscaping. ECF No. 12, PageID.78–79 (stating that State Farm conceded coverage for the fire and agreed to appraise losses under the Dwelling; Other Structures; and Trees, Shrubs, and Landscaping provisions); ECF No. 14, PageID.371 (stating that State Farm generally concurs with Plaintiffs' recitation of material facts set forth in their motion). "[O]nce an insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process, as the parties do not dispute liability and only are at odds about the amount of the loss." *Cantina Enters. II Inc. v. Prop.-Owners Ins. Co.*, No. 363105, 2024 WL 202116, at *7 (Mich. Ct. App. Jan. 18, 2024) (quotation omitted).

And the parties indeed were at odds about the amount of the loss. State Farm evaluated the loss and paid Plaintiffs around $650,000. But Plaintiffs claimed damages in excess of $1,100,000. Thus, the parties agreed to submit the loss for appraisal. After the appraisal, the appraiser chosen by Plaintiff and the appraiser chosen by State Farm both signed the award. ECF No. 1-2, PageID.12. The amount of the loss under each provision was thus set under Michigan law. *See* Mich. Comp. Laws § 500.2833(1)(m).

State Farm, however, attempted to obfuscate the issue and avoid payment of the award by reframing the disagreement as a coverage dispute.[2] But State Farm "admitted that the damages at issue here are generally covered by [Plaintiffs'] insurance policy; thus, this is not a *coverage* dispute." *Cantina*, 2024 WL 202116, at *7. The parties only disagreed as to the amount of loss. And the appraisal award set the amount of loss. State Farm may not now challenge the loss amount—which under Michigan law is set—by requiring Plaintiffs to prove that the appraised value does not include non-covered damages. Indeed, "[i]f the contest between an insured and insurer is a factual one," then it must be resolved by the appraisal process "selected by the legislature, regardless of whether an insurer intones that it is denying coverage." *Detroit Club Mgmt. Corp. v. Cincinnati Cas. Co.*, No. 22-cv-13057, 2024 WL 1258628 at *4 (E.D. Mich. Mar. 25, 2024).

Further, State Farm's protest—that it should not pay the full award because the appraisers' computation may have mistakenly included items that the policy excludes when evaluating the amount of the loss—does not convert the dispute to one over coverage under the policy. In fact, State Farm's objections actually support that the dispute is a factual one and not one of coverage. For example, State Farm objected that backfill/grading should only cover the footprint of the original house. But nothing in the award suggests that it covers anything more than that. *See* ECF No. 1-2,

---

[2] Even if the dispute were one of coverage, Michigan law requires that when "the parties cannot agree on coverage, a court is to determine coverage in a declaratory action *before* an appraisal of the damage to the property." *Cantina*, 2024 WL 202116, at *5 (emphasis added).

6

PageID.12. Rather, State Farm hypothesizes not only that the award amount included money for backfill/grading but that it included *so much* money for backfill/grading that the appraisers must have impermissibly considered the backfill/grading necessary for a larger house. In other words, State Farm disagrees that backfill/grading—as covered under the policy—costs as much as the appraisers awarded.

Then, State Farm suggested that, before they must pay the award, Plaintiffs must prove that the appraisers did not make a mistake in their computation of damages. Generally, however, "a court will not interfere with an appraisal award" but "will indulge in every reasonable presumption to sustain it in the absence of fraud, mistake, or misfeasance." *Lakewood Mfg. Co. v. Home Ins. Co. of N.Y.*, 422 F.2d 796, 798 (6th Cir. 1970); *see also Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 696 (6th Cir. 2012) (noting that under Michigan law "[j]udicial review of the award is limited to instances of bad faith, fraud, misconduct, or manifest mistake") (quotation omitted). And an award will not be set aside "unless the mistake, whether legal or factual, is apparent on the face of the award." *Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2024 WL 3997049, at *2 (E.D. Mich. Aug. 29, 2024) (quotation omitted). State Farm bears the burden of demonstrating a manifest mistake. *See id.* (outlining the procedure for challenging an appraisal award). Yet State Farm attempted here to shift that burden to Plaintiffs and require them to prove the absence of mistake before paying the award validly issued under Michigan law. Plaintiffs bear no such burden.

7

Moreover, "[t]o challenge an appraisal award, a party *must* make a motion to vacate or modify the award." *Proto Gage*, 2024 WL 3997049, at *2 (quotation omitted) (emphasis added). State Farm has not done so. Even assuming a challenge to the appraisal award was properly before the Court, State Farm identified no patent mistake in the appraisal award. *See Proto Gage*, 2024 WL 3997049, at *2. Rather, State Farm suggested that the appraisers' computations included amounts for non-covered items. But the appraisal award does not explain how it arrived at its valuation. ECF No. 1-2, PageID.12. And Michigan law requires no such explanation. *Proto Gage*, 2024 WL 3997049, at *2 ("Michigan law only requires that appraisal awards state valuation determinations for the categories of coverage under the policy.").

In sum, the parties disputed the amount of the loss. Thus, "[t]he dispute was properly sent to, and resolved by, the appraisal panel." *Id.* at *3; *see Cantina*, 2024 WL 202116, at *7. The Court will accordingly affirm the appraisal award and order State Farm to pay the outstanding balance.

Last, the Court is inclined to award Plaintiffs attorney's fees. In federal court, "the allowance or disallowance of costs, including attorney's fees, is governed by Federal law, not by State law." *Vito Anthony Homes & Bldg. Co. v. City of Rochester*, No. 07-15141, 2008 WL 4279370, at *1 (E.D. Mich. Sept. 17, 2008). Under the federal rules, if after notice and a reasonable opportunity to respond, the court determines that a party presented a frivolous defense, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible

8

for the violation. Fed. R. Civ. P. 11(b)(2), (c)(1). "The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The Court will therefore order State Farm to show cause for why the Court should not sanction it by awarding attorneys' fees, costs, or other monetary sanctions for presenting a frivolous defense.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for partial summary judgment [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the April 3, 2024 appraisal award is **AFFIRMED,** and Defendant must **PAY $136,321.21** that it owes under the award without delay.

**IT IS FURTHER ORDERED** that Defendant must **SHOW CAUSE no later than June 8, 2025** for why the Court should not impose monetary sanctions for presenting a frivolous defense.

**IT IS FURTHER ORDERED** that if some other grounds justify awarding attorney's fees or consequential damages as requested in the motion, *see* ECF No. 12, PageID.102, Plaintiffs must **MOVE** for fees and/or consequential damages **no later than June 30, 2025** and provide justification under the law for the same.

**SO ORDERED**.

Dated: May 29, 2025

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge